UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSEPH WASHINGTON and MERCEDES
WASHINGTON

                              Plaintiff(s),                  Civil Action No.: 17-2320

    -against-                                      **COMPLAINT and
                                                                          JURY DEMAND**

THE UNITED STATES OF AMERICA, DITMAS
PARK REHABILITATION & CARE CENTER,
LLC, THE NEW YORK COMMUNITY HOSPITAL
OF BROOKLYN, INC., HOPKINS CENTER FOR
REHABILIATION AND HEALTHCARE,  and KFG
OPERATING 1, LLC

                              Defendant(s).
-----------------------------------------------------------------X

      Plaintiffs, by their attorneys RONEMUS & VILENSKY, complaining of the defendants herein, respectfully shows to the Court, and allege as follows:

### JURISDICTION AND VENUE

1. This action is based upon the Federal Tort Claims Act, 28 U.S.C. Section 1346 (b) and 2671-2680, as hereinafter more fully appears. The Court has personal jurisdiction over the defendant, THE UNITED STATES OF AMERICA, herein pursuant to Rule 4(i)(1)(A)-(C) of the Federal Rules of Civil Procedure. Venue is proper in this Judicial District pursuant to 28 U.S.C.S. § 1402(b).

2. The plaintiff JOSPEH WASHINGTON is an individual residing at 915 East 31st Street, Brooklyn, New York, and is a citizen of the United States of America.

3. The plaintiff MERCEDES WASHINGTON is an individual resides at 915 East 31st Street, Brooklyn, New York, and is a citizen of the United States of America.

4. Defendant DITMAS PARK REHABILIATION & CARE CENTER, LLC., is a domestic business entity, duly formed and existing pursuant to New York State Laws.

5. Defendant, THE NEW YORK COMMUNITY HOSPITAL OF BROOKLYN, INC., is a domestic business entity, duly formed and existing pursuant to New York State Laws.

6. Defendant, HOPKIINS CENTER FOR REHABILIATION AND HEALTHCARE, is a domestic business entity, duly formed and existing pursuant to New York State Laws.

7. Defendant, KFG OPERATING 1, LLC is a domestic business entity, duly formed and existing pursuant to New York State Laws.

8. The court has supplemental jurisdiction over claims as to defendants DITMAS PARK REHABILITATION & CARE CENTER, LLC, THE NEW YORK COMMUNITY HOSPITAL OF BROOKLYN, INC., HOPKINS CENTER FOR REHABILIATION AND HEALTHCARE, and KFG OPERATING 1, LLC in that the claims are so related to the action within the court's original jurisdiction that they form a part of the same case or controversy pursuant to 28 U.S.C. §1367(a)

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE UNTIED STATES OF AMERICA

9. Defendant, THE UNITED STATES OF AMERICA, owns the Veterans Affairs New York Harbor Healthcare System.

10. Defendant, THE UNITED STATES OF AMERICA, through the Veterans Affairs New York Harbor Healthcare System, is and was in the business of supplying health and medical services to the sick and ailing.

11. Defendant, THE UNITED STATES OF AMERICA, through the Veterans Affairs New York Harbor Healthcare System, held itself out to the general public as a medical and/or health institution and facility, possessing a reasonable degree of skill and competence to care for and treat the sick, elderly and infirm.

12. Defendant, THE UNITED STATES OF AMERICA, through the Veterans Affairs New York Harbor Healthcare System, held itself out to United States veterans as a medical and/or health institution and facility, in possession of a reasonable degree of skill and competence to care for and treat the sick and infirm.

13. Defendant DITMAS PARK REAHBILITATION & CARE CENTER, LLC is and was in the business of supplying health, medical, nursing, and rehabilitation care attention and treatment to the sick and ailing.

14. Defendant, DITMAS PARK REAHBILITATION & CARE CENTER, LLC, held itself out to the general public as a medical and/or health institution and rehabilitation facility, possessing a reasonable degree of skill and competence to care for and treat the sick, elderly and infirm.

15. Defendant, DITMAS PARK REAHBILITATION & CARE CENTER, LLC, held itself out to United States veterans as a medical and/or health institution and

rehabilitation facility, in possession of a reasonable degree of skill and competence to care for and treat the sick, elderly and infirm.

16. Defendant THE NEW YORK COMMUNITY HOSPTIAL OF BROOKLYN, INC., is and was in the business of supplying health, medical, nursing, and rehabilitation care attention and treatment to the sick and ailing.

17. Defendant, THE NEW YORK COMMUNITY HOSPTIAL OF BROOKLYN, INC., held itself out to the general public as a medical and/or health institution and rehabilitation facility, possessing a reasonable degree of skill and competence to care for and treat the sick, elderly and infirm.

18. Defendant, THE NEW YORK COMMUNITY HOSPTIAL OF BROOKLYN, INC., held itself out to United States veterans as a medical and/or health institution and rehabilitation facility, in possession of a reasonable degree of skill and competence to care for and treat the sick, elderly and infirm.

19. Defendant HOPKINS CENTER FOR REHABILIATION AND HEALTHCARE, is and was in the business of supplying health, medical, nursing, and rehabilitation care attention and treatment to the sick and ailing.

20. Defendant, HOPKINS CENTER FOR REHABILIATION AND HEALTHCARE, held itself out to the general public as a medical and/or health institution and rehabilitation facility, possessing a reasonable degree of skill and competence to care for and treat the sick, elderly and infirm.

21. Defendant, HOPKINS CENTER FOR REHABILIATION AND HEALTHCARE, held itself out to United States veterans as a medical and/or health institution and rehabilitation facility, in possession of a reasonable degree of skill and competence to care for and treat the sick, elderly and infirm.

22. Defendant KFG OPERATING 1, LLC, is and was in the business of supplying health, medical, nursing, and rehabilitation care attention and treatment to the sick and ailing.

23. Defendant, KFG OPERATING 1,LLC, held itself out to the general public as a medical and/or health institution and rehabilitation facility, possessing a reasonable degree of skill and competence to care for and treat the sick, elderly and infirm.

24. Defendant, KFG OPERATING 1, LLC, held itself out to United States veterans as a medical and/or health institution and rehabilitation facility, in possession of a reasonable degree of skill and competence to care for and treat the sick, elderly and infirm.

25. From approximately July 27, 2015 through September 8, 2015 and from October 9, 2016 through December 9, 2015, and thereafter, plaintiff JOSEPH WASHINGTON, was a patient of defendant THE UNITED STATES OF AMERICA, their agents, servants or employees and received treatment at VETERAN AFFAIRS NEW YORK HARBOR HEALTHCARE SYSTEM.

26. From approximately September 8, 2015 through on or about September 29, 2015 and thereafter, plaintiff JOSPEH WASHINGTON was a patient of the defendant DITMAS PARK REHABILIATION & CARE CENTER, LLC. their agents, servants or employees and received treatment at DITMAS PARK REHABILIATION & CARE CENTER, LLC

27. From approximately September 29, 2015 through on or about October 9, 2015, plaintiff JOSPEH WASHINGTON was a patient of THE NEW YORK COMMUNITY HOSPITAL OF BROOKLYN, INC.. their agents, servants or employees and received treatment at THE NEW YORK COMMUNITY HOPSITAL OF BROOKLYN, INC.

28. From approximately December 12, 2015 through July 30, 2016 and thereafter, plaintiff JOSPEH WASHINGTON was a patient of the defendant HOPKINS CENTER FOR REHABILIATION AND HEALTHCARE their agents, servants or employees and received treatment at HOPKINS CENTER FOR REHABILITATION AND HEALTHCARE,

29. From approximately June 26, 2015 through December 2, 2015 and thereafter, plaintiff JOSPEH WASHINGTON was a patient of the defendant KFG OPERATING 1, LLC. their agents, servants or employees and received treatment at HOPKINS CENTER FOR REHABILITATION AND HEALTHCARE.

30. The care and treatment rendered by defendant THE UNITED STATES OF AMERICA, its agents, servants or employees was negligent, careless and reckless, in that the defendants failed to properly and/or timely diagnose, manage, and/or treat the plaintiff JOSEPH WASHINGTON for suffer a loss of consciousness, stroke, bedsores, renal failure, pneumonia, altered mental state, and infection.

31. The defendant UNITED STATES OF AMERICA was negligent and committed medical malpractice by failing to properly and/or timely diagnose, manage and/or treat JOSEPH WASHINGTON; in failing to timely diagnose, manage, and/or treat stroke, bedsores, renal failure, pneumonia, altered mental state and infection; in failing to timely turn and/or move the plaintiff; in failing to provide proper skin care; in failing to apply proper ointments; in failing to change bed linens; in failing to properly provide anticiotics; in failing to provide proper wound care; in failing to timely and/or properly diagnose, manage, and/or treat bowel ischemia; in failing to properly pad pressure points while plaintiff was lying in bed; in placing too much pressure or otherwise allowing prolonged pressure to exist on

plaintiff's sacrum, scrotum and buttocks; in failing to timely and/or properly diagnose, manage, and/or treat respiratory distress; in failing to timely and/or properly diagnose, manage, and/or treat lack of breath; in failing to properly and/or timely diagnose, manage, and/or treat bedsores; in failing to prevent a stroke; in failing to prevent a further stroke; in failing to properly and/or timely provide medications to prevent, and/or treat a stroke; in failing to timely perform debridement; failed to diagnose, manage, and/or treat kidney failure; allowed gangrene to develop; in allowing gangrene to spread; in failing to timely and/or properly place the plaintiff on dialysis and in otherwise committing negligence and medical malpractice in the diagnosis, care, treatment and management of the plaintiff's condition.

32. Plaintiffs JOSEPH WASHINGTON and MERCEDES WASHINGTON filed a claim, by way of a standard form 95 with the United States of America on or about June 23, 2016 which was acknowledged by the United States Department of Veterans Affairs on July 1, 2016.  Thereafter, on November 23, 2016, plaintiffs supplied the United States Department of Veterans Affairs with additional information as per their request.

33. That on January 19, 2017 the United States Department of Veterans Affairs served the plaintiffs with a notice that plaintiff's claims pursuant to the Federal Tort Claims Act was being denied.

34. Not more than six (6) months have elapsed since the date the claim was denied and thus, the complaint herein is timely pursuant to 28 U.S.C.§2401.

35. As a result of the foregoing, the plaintiff JOSPEH WASHINGTON suffered physical injury, emotional distress, pain and suffering.

36. By reason of the foregoing, the plaintiff JOSEPH WASHINGTON has been damaged in a sum of money having the present value that exceeds seventy-five thousand dollars.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS DITMAS PARK REHABILITATION & CARE CENTER, LLC, THE NEW YORK COMMUNITY HOSPITAL OF BROOKLYN, INC., HOPKINS CENTER FOR REHABILIATION AND HEALTHCARE, and KFG OPERATING 1, LLC**

37. Plaintiff begs to repeat and reallege each and every allegation heretofore set forth in the first cause of action with the same force and effect as if set forth herein at length.

38. The care and treatment rendered by DITMAS PARK REHABILITATION & CARE CENTER, LLC, THE NEW YORK COMMUNITY HOSPITAL OF BROOKLYN, INC., HOPKINS CENTER FOR REHABILITATION AND HEALTHCARE,  and KFG OPERATING 1, LLC, their agents, servants or

employees was negligent, careless and reckless, in that they failed to properly and/or timely diagnose, manage, and/or treat the plaintiff JOSEPH WASHINGTON for suffer a loss of consciousness, stroke, bedsores, renal failure, pneumonia, altered mental state, and infection.

39. The defendants DITMAS PARK REHABILITATION & CARE CENTER, LLC, THE NEW YORK COMMUNITY HOSPITAL OF BROOKLYN, INC., HOPKINS CENTER FOR REHABILIATION AND HEALTHCARE, and KFG OPERATING 1, LLC were negligent and committed medical malpractice by failing to properly and/or timely diagnose, manage and/or treat JOSEPH WASHINGTON; in failing to timely diagnose, manage, and/or treat stroke, bedsores, renal failure, pneumonia, altered mental state and infection; in failing to timely turn and/or move the plaintiff; in failing to provide proper skin care; in failing to apply proper ointments; in failing to change bed linens; in failing to properly provide anticiotics; in failing to provide proper wound care; in failing to timely and/or properly diagnose, manage, and/or treat bowel ischemia; in failing to properly pad pressure points while plaintiff was lying in bed; in placing too much pressure or otherwise allowing prolonged pressure to exist on plaintiff's sacrum, scrotum and buttocks; in failing to timely and/or properly diagnose, manage, and/or treat respiratory distress; in failing to timely and/or properly diagnose, manage, and/or treat lack of breath; in failing to properly and/or timely diagnose, manage, and/or treat bedsores; in failing to prevent a stroke; in failing to prevent a further stroke; in failing to properly and/or timely provide medications to prevent, and/or treat a stroke; in failing to timely perform debridement; failed to diagnose, manage, and/or treat kidney failure; allowed gangrene to develop; in allowing gangrene to spread; in failing to timely and/or properly place the plaintiff on dialysis and in otherwise committing negligence and medical malpractice in the diagnosis, care, treatment and management of the plaintiff's condition.

40. As a result of the foregoing, the plaintiff JOSPEH WASHINGTON suffered physical injury, emotional distress, pain and suffering.

41. By reason of the foregoing, the plaintiff JOSEPH WASHINGTON has been damaged in a sum of money having the present value that exceeds seventy-five thousand dollars.

### AS AND FOR A THIRD CAUSE OF ACTION AS TO ALL DEFENDANTS

42. Plaintiff begs to repeat and reallege each and every allegation heretofore set forth in the first cause of action and the second cause of action with the same force and effect as if set forth herein at length.

43. A reasonably prudent person in the plaintiff JOSEPH WASHINGTON's position would not have undergone the diagnosis or treatment if he had been fully

informed of the risks, hazards, and complications of the diagnosis and treatment rendered by the defendant and the alternatives thereto.

44. The defendant, its agents, servants or employees failed to advise the plaintiff of the risks, hazards or complications of the course of care and treatment or alternatives thereto and thereby prevented the plaintiff from making a knowledgeable and intelligent course about the proposed care and treatment.

45. The failure to so inform the plaintiff was in violation of Public Health Code Section 2805-D was the proximate cause of the permanent personal injuries and conditions suffered by the plaintiff JOSPEH WASHINGTON.

46. As the result of the foregoing, the plaintiff JOSEPH WASHINGTON suffered great physical injury.

47. That the lack of informed consent is a proximate cause of the injuries or conditions for which recovery is sought herein.

48. By reason of the foregoing, the plaintiff JOSEPH WASHINGTON, has been damaged in a sum of money having the present value that exceeds seventy-five thousand dollars.

## AS AND FOR A FOURTH CAUSE OF ACTION IN NEGLIGENCE PER SE AGAINST DEFENDANTS DITMAS PARK REHABILITATION & CARE CENTER, LLC, THE NEW YORK COMMUNITY HOSPITAL OF BROOKLYN, INC., HOPKINS CENTER FOR REHABILIATION AND HEALTHCARE, and KFG OPERATING 1, LLC

49. Plaintiff begs to repeat and reallege each and every allegation heretofore set forth in the first cause of action , the second cause of action and the third cause of action with the same force and effect as if set forth herein at length.

50. During the period of plaintiff's residency at the DITMAS PARK REHABILITATION & CARE CENTER, LLC, THE NEW YORK COMMUNITY HOPSITAL OF BROOKLYN, INC., HOPKINS CENTER FOR REHABILIATION AND HEALTH CARE, and the defendants, DITMAS PARK REHABILITATION & CARE CENTER, LLC, THE NEW YORK COMMUNITY HOSPITAL OF BROOKLYN, INC., HOPKINS CENTER FOR REHABILIATION AND HEALTHCARE, and KFG OPERATING 1, LLC through their officers, employees, agents, physicians, nurses, medical and other patient care staff, were negligent in the operation of the facility and particularly in the care rendered to plaintiff and violated 42 CFR Part 483.25 of the OBRA regulations and other Federal rules and regulations and 10 NYCRR Part 415 and other New York State and County rules and regulations, Federal Statutes, New York State Statutes, and PHL§2801-d and PHL§2803-c.

51. As a consequence of the defendants' failures to adhere to the duties set forth above, as well as the statutory, licensing and regulatory rules of the United States, the State of New York and City of New York defendants DITMAS PARK REHABILITATION & CARE CENTER, LLC, THE NEW YORK COMMUNITY HOSPITAL OF BROOKLYN, INC., HOPKINS CENTER FOR REHABILIATION AND HEALTHCARE, and KFG OPERATING 1, LLC are liable in negligence per se.

52. The aforesaid legislative commands and administrative regulations are designed to prevent injury to the class of persons to which JOSEPH WASHINGTON belonged.

53. Aforesaid violations by the defendant were a proximate cause of JOSEPH WASHINGTON's injuries.

54. By reason of the foregoing, JOSEPH WASHINGTON was caused to suffer and sustain severe and permanent serious personal injuries, severe and serious pain and suffering and mental anguish; plaintiff has been caused to expend and become obligated to expend sums of money for medical services and related expenses, and has thereby been injured and damaged in a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction.

55. That the conduct described above involved gross abuse, willful malfeasance and gross neglect on the part of the defendants.

56. As a consequence thereof, the plaintiff demands punitive damages in the in the maximum sum permitted by law since it exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

### AS AND FOR AN FIFTH CAUSE OF ACTION PURSUANT TO PUBLIC HEALTH LAW SECTION 2801-d AGAINST DEFENDANTS DITMAS PARK REHABILITATION & CARE CENTER, LLC, THE NEW YORK COMMUNITY HOSPITAL OF BROOKLYN, INC., HOPKINS CENTER FOR REHABILIATION AND HEALTHCARE, and KFG OPERATING 1, LLC

57. Plaintiff begs to repeat and reallege each and every allegation heretofore set forth in the first cause of action , the second cause of action, the third cause of action and the fourth cause of action with the same force and effect as if set forth herein at length.

58. During the period of JOSPEH WASHINGTON'S residency in the defendants, DITMAS PARK REHABILITATION & CARE CENTER, LLC, THE NEW YORK COMMUNITY HOSPITAL OF BROOKLYN, INC., HOPKINS CENTER FOR REHABILIATION AND HEALTHCARE, and KFG

OPERATING 1, LLC's facilities, these defendants, through its employees, officers, agents, and staff violated Public Health Law Section 2801-d.

59. By reason of the foregoing, plaintiff JOSEPH WASHINGTON was caused to suffer and sustain severe and permanent personal injuries, severe and serious pain and suffering an mental anguish; plaintiff has been caused to expend and become obligated to expend sums of money for medical services and related expenses, and has thereby been injured and damaged in a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction.

60. By virtue there, plaintiff additionally demands ad damages attorney's fees based upon the reasonable value of legal services rendered pursuant to Public Health Law Section 2801-d.

61. By virtue therefore, plaintiff additionally demands as damages the per diem damages pursuant to Public health Law Section 2801-d.

62. As a result of the foregoing, JOSPEH WASHINGTON sustained compensatory damages in excess of jurisdictional limits of all lower courts.

63. That the aforedescribed involved gross abuse, willful malfeasance and gross neglect on the part of defendants DITMAS PARK REHABILITATION & CARE CENTER, LLC, THE NEW YORK COMMUNITY HOSPITAL OF BROOKLYN, INC., HOPKINS CENTER FOR REHABILIATION AND HEALTHCARE, and KFG OPERATING 1, LLC.

64. As a consequence thereof, the plaintiff demands punitive damages in the maximum sum permitted by law since it exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLANTIFF MERCEDES WASHINGTON

65. Plaintiff begs to repeat and reallege each and every allegation heretofore set forth in the first cause of action, second cause of action, the third cause of action, the fourth cause of action, and the fifth cause of action with the same force and effect as if set forth herein at length.

66. That at all times herein, plaintiff MERCEDES WASHINGTON was the lawfully wedded spouse of plaintiff JOSEPH WASHINGTON.

67. That due to the foregoing, plaintiff MERCEDES WASHINGTON lost the services, society and consortium of plaintiff JOSEPH WASHINGTON and maintains this cause of action in an amount in excess of the jurisdictional limits of all lower courts.

WHEREFORE, the plaintiffs demand judgment against defendant on the First Cause of Action, on the Second Cause of Action, on the Third Cause of Action, the Fourth Cause of Action, the Fifth Cause of Action, and the Sixth Cause of Action in an amount in an amount that exceeds seventy-five thousand dollars all together with cost and disbursements in this action.

Dated: New York, New York
      March 29, 201-7

                                              ROBERT VILENSKY (6730)
                                              RONEMUS & VILENSKY, LLP
                                              112 Madison Avenue, 2nd Floor
                                              Attorney for Plaintiffs
                                              New York, NY 10016
                                              212-779-7070

STATE OF NEW YORK, COUNTY OF NEW YORK ss:

I the undersign, an attorney admitted in the Courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff in the within action; I have read the foregoing COMPLAINT and know the contents thereof; the same is true to my knowledge, except as to the matters I believe to be true. The reason this verification is made by me and not by my client, is that my client is presently not in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigation conducted by my office.

Dated: New York, New York
       March 29, 2017

_____
Robert Vilensky (6730)

ROBERT VILENSKY, an attorney duly admitted to practice law in the State of New York affirms the truth of the following:

I have reviewed the facts of the within action and consulted with a physician, who is licensed to practice in New York State and who is knowledgeable in the relevant issues involved in the within action. Based on this review and consultation, I have concluded there is a reasonable basis for the commencement of this action.

Dated: New York, New York
       March 29, 2017

_____
Robert Vilensky (6730)